United States District Court
Southern District of Texas
**ENTERED**
April 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PAUL WILSON, | § | |
| TDCJ # 01737074, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-321 |
| | § | |
| WILLIAM E NIX, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Paul Wilson brought this lawsuit alleging violation of his rights under the Eighth Amendment. On March 12, 2018, this Court granted summary judgment for Defendants and entered a final judgment dismissing all of Plaintiff's claims with prejudice (Dkt. 55, 56). Plaintiff now has filed a motion for extension of time to file a motion under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment (Dkt. 60). On the same day, Plaintiff filed a notice of appeal (Dkt. 58).

A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). The time limit under Rule 59(e) is mandatory and jurisdictional; it may not be extended by waiver of the parties or by district court ruling. *U.S. Leather, Inc., v. H & W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995). Rule 6 expressly prohibits an extension of time to act under Rule 59(e). FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under . . . .Rule 59 (b), (d), and (e)").

However, because Plaintiff's motion for extension of time to file a Rule 59(e) motion was filed within twenty-eight days after entry of judgment, the Court will construe the motion as a timely Rule 59(e) motion. Plaintiff's notice of appeal will become effective when the Court rules on the Rule 59(e) motion. FED. R. APP. PRO. 4(a)(4)(A) & 4(a)(4)(B)(i). Until it becomes effective, the notice of appeal does not deprive the Court of jurisdiction to consider the motion.

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.

The Court's summary judgment order dismissed Plaintiff's claims because he failed to exhaust his administrative remedies (Dkt. 55, at 10-13). Plaintiff did not dispute the Attorney General's evidence showing that he had failed to file a timely grievance about complaints underlying his claims in this suit. The Court further held, in the alternative, that summary judgment was warranted because Plaintiff had failed to state a valid claim for relief under the relevant Eighth Amendment standards and because

Defendants were entitled to qualified immunity (*id*. at 14-21). Plaintiff responded to the summary judgment motion (Dkt. 41) and the Court carefully considered his arguments. In addition, Plaintiff filed pre-judgment motions for discovery and appointment of counsel, which the Court denied as moot (Dkt. 55, at 21).

Plaintiff's current motion seeks an additional thirty days to brief his request for relief under Rule 59(e) for the following reasons: it has been difficult to locate persons with knowledge and evidence of his claims because the relevant events took place over three years ago; he has not been permitted discovery; he has suffered retaliation for filing grievances and this suit; he has been denied "indigent legal supplies and related resources," hindering his access to the courts, for the past three-and-a-half weeks; and, he wishes to defend against Defendants' summary judgment motions.

To the extent Plaintiff's current arguments are relevant to his claims in this suit, Plaintiff had full opportunity to present these arguments before entry of judgment, and the Court carefully considered his opposition to summary judgment. None of the grounds asserted in Plaintiff's current motion would alter the Court's ruling that summary judgment was warranted because he failed to exhaust his administrative remedies. Moreover, the Court considered and denied Plaintiff's pre-judgment requests for discovery. A motion for reconsideration under Rule 59(e) is not the proper vehicle to rehash legal theories or arguments that were, or could have been, previously raised. *See Templet*, 367 F.3d at 479.

Plaintiff's motion to extend time to file a Rule 59(e) motion (Dkt. 60) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 23rd day of April, 2018.

_____
George C. Hanks Jr.
United States District Judge